JAMES W. SCUDDER *et al.*, Appellants, v. R. B. PAYTON *et al.*, Respondents.

St. Louis Court of Appeals, February 25, 1896.

1. **Practice, Appellate:** REVIEW OF EVIDENCE: ABSENCE OF COMPLAINT IN MOTION FOR NEW TRIAL. Error is not assignable on appeal on the ground that the verdict is opposed to the weight of the evidence, when no complaint has been made on that ground in the motion for new trial.

2. **Attachment, Grounds of:** EFFECT OF FRAUDULENT CONVEYANCE AFTER ATTACHMENT. The fact, that the defendants in an attachment suit fraudulently conveyed or concealed property immediately after the writ of attachment was sued out, tends to establish, but still it does not conclusively establish, that they were about to thus convey or conceal their property when the writ was sued out.

3. ———: CONVEYANCE TO GRANTOR'S USE. An insolvent debtor assigned accounts of the face value of $800, and actual value of $400, to secure an indebtedness of $36, the transaction being absolute in form. At the time, there was a vague oral direction for the application of the surplus of the proceeds over the debt to the claims of other creditors, but it did not distinctly name all of these other creditors nor exhaust the entire surplus. Subsequently the debtor made a different disposition of a part of the accounts by applying them to debts not thus designated at the time of the transfer. *Held*, that the assignment was partly, at least, a conveyance to his own use and, therefore, fraudulent.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

*E. A. Barbour* for appellants.

*C. W. Hamlin* and *E. P. Miller* for respondents.

ROMBAUER, P. J.—This is an appeal taken by the plaintiffs in an attachment suit (after final judgment on the merits in their favor) from a verdict and judgment rendered against them on the trial of the plea in abatement. The grounds of attachment stated in the affidavit were very numerous, but as to a number of them there was no evidence entitling the plaintiffs to go to the jury, and these were withdrawn by the instructions of the court from the consideration of the jury. Touching this action of the court no complaint is made. The plaintiffs assign for error, that the verdict is so grossly against the weight of the evidence that we should vacate it on that account, and that the

court erred in giving and refusing instructions touching those grounds of attachment which were supported by the evidence.

Touching the first assignment, it will suffice to say that the motion for new trial contains no complaint that the verdict is against the weight of the evidence. Nor does said motion contain a complaint that the verdict is so grossly against the weight of the evidence as to be the result of passion, prejudice, bias, or mistake, on part of the jury. It is elementary that we can not notice complaints which have not been called to the attention of the trial court in the motion for new trial, nor could we disturb the verdict simply because it is against the weight of the evidence, unless the preponderance of the evidence against the verdict is so strong as to raise a presumption of prejudice, corruption, or gross ignorance, on part of the jury. *Walton v. Railroad*, 49 Mo. App. 620–627, and cases cited.

The issues submitted to the jury were whether, at the date of the attachment, the defendants were about fraudulently to conceal, remove, or dispose of, their property, or were about fraudulently to convey or assign their property, so as to hinder or delay their creditors, and whether the debt sued for was fraudulently contracted. The plaintiffs did not ask for any instructions on the last ground, but the court of its own motion did instruct the jury on that subject in an unexceptionable manner. The plaintiffs did ask instructions touching the first two grounds, which the court refused, and the refusal of these they now assign for error.

The evidence in the case, on which these instructions were based, was substantially as follows: The attachment was levied upon certain store goods of the defendants at noon of a certain day. It was not levied upon their accounts or their books of account, which

at the date of the levy were in the store. There was evidence tending to show that these books and accounts were removed by the defendants in course of the day and were concealed from their creditors, and that the accounts were subsequently assigned by the defendants to a third person under circumstances and in a manner giving rise to the inference, that the assignment was partly at least for their own use. The plaintiffs' refused instructions directed the jury to find for the plaintiffs, if they found such concealment and subsequent disposition of these accounts. All these instructions were erroneous in omitting the element that the intention to conceal or to fraudulently assign must have existed at the time when the attachment was sued out. If the defendants immediately after the suing out of the attachment concealed part of the property, that fact is some evidence tending to show that the purpose so to do existed in their minds when the attachment was sued out, but it is certainly not conclusive evidence of that fact, and whether it is even persuasive evidence must be determined by the surrounding circumstances.

We must concede, however, that the following instruction, given by the court upon its own motion, was erroneous:

"If you find from the evidence that the defendants conveyed their book accounts to R. Jenkins for the purpose of paying or securing honest and *bona fide* debts against themselves and in favor of said Jenkins and others, and if you find the amount of the accounts so conveyed was no more than reasonably sufficient, then such a conveyance would not be fraudulent; but, if such conveyance was of more than reasonably necessary, and done for the purpose of preventing their creditors from making their debts out of such accounts, then it would be fraudulent. Therefore, if you find

from the evidence that, prior to the bringing of this action, the defendants were about to make such conveyance, and if you find such conveyance to have been fraudulent as above defined, then you should find for the plaintiffs. If, however, you should find that the conveyance was not fraudulent as above defined, or if you should find that such conveyance was not contemplated by defendants till after the bringing of this action (although you may find the conveyance to have been fraudulent), then you should find for defendants on this ground.''

This instruction was, under the evidence in the case, both erroneous and prejudicial to the plaintiffs. All the evidence concurs in showing that the accounts assigned to Jenkins were of a face value of about $800, and of a real value of about $400. The assignment was absolute upon its face. The claim of Jenkins against defendants was only $36. It is true that one of the defendants testified that he directed Jenkins at the date of the assignment to pay the surplus, after paying his own claim, to other creditors of the defendants, but that direction even under defendants testimony was vague, did not distinctly name all the creditors thus to be paid, and did not exhaust the entire surplus. That the defendants reserved a certain control over the assets thus assigned is conclusively shown by their making subsequent disposition of part of them for the payment of debts incurred after the attachment, a disposition wholly different from that contained in the actual or pretended oral declaration of trust cotemporaneous with the absolute assignment. Such a disposition of assets must be held to be, in part at least, a conveyance to the debtors' own use, and, as such, fraudulent against creditors. *Molaska Manufacturing Company v. Steele*, 36 Mo. App. 496. The first branch of the instruction was, therefore, mislead-

ing on the conceded facts. Since there is nothing to indicate that the jury found that this fraudulent disposition and concealment was not contemplated by the defendants at the date of the attachment, we must reverse the judgment on account of this error in the instruction.

Judgment reversed and cause remanded. All the judges concur.